## Martinovics v. Cappetta

*Michael J. Seymour*, for plaintiff.
*Waltz, Berman and Zuyik*, for defendant.

LOUGHRAN, *J.*, January 10, 1979—This matter before the court involves an interpretation of section 1009.301(a)5(D) of the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. §1009.301, as the same pertains to cosmetic disfigurement.

Defendant has filed a motion for summary judgment alleging that plaintiff's answers to interrogatories pertaining to defendant's questions concerning scarring reveals that plaintiff sustained a scar on the forehead one-quarter to one-half inch in length. Defendant contends that this answer entitles defendant to a summary judgment as a scar one-quarter to one-half inch in length on the forehead is not a severe cosmetic disfigurement as contemplated by the aforesaid section of the No-fault Act.

Summary judgments, like judgment on the pleadings, should be granted only in the clearest of cases: Kotwasinski v. Rasner, 436 Pa. 32, 258 A. 2d 865 (1969). There is no guideline or definition con-

tained within the No-fault Act nor any case law interpreting the act to apply in determining how long, how wide or how deep a scar must be before it is to be considered severe. Absent any definition or guiding principles of law this court cannot ignore basic and fundamental principles of life that a scar one-quarter to one-half inch in length may be severe for one person or to a certain person's cosmetic appearance and not to another. Because of this factor alone it is the opinion of this court that this matter presents a genuine issue of material facts which must be submitted to a jury and is not the type of matter upon which this court can grant a summary judgment.

## ORDER

And now, January 10, 1979, after due and careful consideration of the within matter, it is hereby ordered, adjudged and decreed that defendant's motion for summary judgment is denied.